Edward E. Vassallo (EV6588)
Timothy J. Kelly (TK8241)
Tila M. Duhaime (TD8787)
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PHILLIPS-VAN HEUSEN CORP.,
CALVIN KLEIN, INC., and CALVIN
KLEIN TRADEMARK TRUST,

               Plaintiffs,

        v.

CALVIN CLOTHING COMPANY, INC.,
and STAR RIDE KIDS, INC.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.:  05-CV-6802 (JSR)

**REPLY TO COUNTERCLAIMS**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Plaintiffs Phillips-Van Heusen Corp. ("PVH"), Calvin Klein, Inc. ("CKI") and the Calvin Klein Trademark Trust ("the Trust") (collectively, "Plaintiffs") reply and respond to the counterclaims asserted herein by Calvin Clothing Company ("CCC") as follows:

## NATURE OF THE ACTION

1.    Plaintiffs admit that CCC seeks a declaratory judgment and certain injunctive relief and damages, and otherwise deny each and every remaining allegation set forth in paragraph 1 of the counterclaims.

## THE PARTIES

2.    Plaintiffs admit that CCC appears to be a Pennsylvania corporation and otherwise lack knowledge or information sufficient to form a belief as to the truth of paragraph 2, and therefore deny same.

3.    Admitted.

4.    Admitted.

5.    Admitted.

## JURISDICTION AND VENUE

6.    Plaintiffs aver that paragraph 6 does not allege facts but certain legal conclusions, and that no further response to paragraph 6 is required.

7.    Admitted.

As to the Allegations Concerning
Calvin Clothing and Its Alleged Use
and Ownership of the CALVIN Mark

8.    Plaintiffs deny that CCC has been manufacturing apparel under the CALVIN label for almost seventy (70) years, and lack knowledge or information

sufficient to form a belief as to the truth of the averments in paragraph 8 with respect to CCC's predecessors in interest, and therefore deny same.

9.    Plaintiffs deny that CCC's business as it relates to the CALVIN trademark became successful, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 and therefore deny same.

10.    Answering paragraph 10 of the counterclaims, Plaintiffs deny that CCC had any rights in a CALVIN trademark prior to about 1995; aver that CCC since that time has been a marketer of certain boys' tailored clothing under the CALVIN brand; admit that CCC or one of its predecessors may have on occasion used the CALVIN brand on men's suits and sport coats but that such use was, on information and belief, sporadic at best and punctuated by years or even a decade of non use at times; aver that because the CALVIN brand for such men's apparel was discontinued for substantial periods of time it was abandoned; aver that the CFM CALVIN FOR MEN trademark registration has been cancelled; and otherwise lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 10 and therefore deny same.

11.    Plaintiffs deny that the Alperin family "acquired the Calvin Clothing business"; aver that it apparently acquired certain assets of the boyswear or youthwear apparel business of CCC's predecessor; that it acquired trademarks and other property of CCC, including the CALVIN Mark, for one dollar; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11, and therefore deny same.

12.    Plaintiffs deny that the Alperin family purchased all assets of CCC's predecessor; aver that it apparently acquired certain or all assets of the

predecessor's boys apparel business; that it acquired trademarks and other property of

CCC, including the CALVIN Mark, for one dollar; and otherwise lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of

paragraph 12, and therefore deny same.

13.    Plaintiffs admit that fashion trends occur, admit that in certain

aspects of the apparel industry there has been a "trend" to casual which commenced prior

to the Alperin family's acquisition of CCC, and which has begun to reverse itself; deny

the last sentence of paragraph 13; and otherwise lack knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of paragraph 13, and therefore

deny same.

14.    Plaintiffs lack knowledge or information sufficient to form a belief

as to the truth of paragraph 14, and therefore deny same.

15.    Plaintiffs admit that CCC or its predecessors have applied for and

obtained certain federal trademark registrations, and that CCC is the record owner of the

trademark registrations recited in paragraph 15 of the counterclaims; aver that CKI and

the Trust have caused to be filed petitions for cancellation of the registrations identified

in paragraphs 15(b) through (f) of the counterclaims; and deny the remaining allegations

of paragraph 15.

16.    Plaintiffs admit that the '999 Registration is "incontestible"

pursuant to 15 U.S.C. § 1065; aver that the mark that is the subject matter of the '306

Registration has been abandoned and that CKI and the Trust have petitioned to cancel the

'306 registration; and otherwise deny the allegations of paragraph 16.

17.     Plaintiffs lack knowledge or information sufficient to form a belief as to whether the '999 Registration is valid and in full force and effect, and otherwise deny the allegations of paragraph 17.

18.     Plaintiffs admit that CCC is the named applicant for the pending trademark applications identified in paragraphs 18 (a) through (f); aver that each of these applications is based upon an alleged intent to use the subject mark declared by Mr. Alperin at a time when he knew or should have known that such use would violate the trademark rights of CKI and the Trust; aver that each such application is in violation of the rights of CKI and the Trust, and that CKI and the Trust have opposed registration of each such application; and otherwise deny the allegations of paragraph 18.

19.     Plaintiffs deny the allegations of paragraph 19.

As to the Allegations Concerning
the Parties' Co-Existence

20.     Plaintiffs admit that a predecessor of CKI founded by Mr. Calvin Klein began doing business in the 1960s under the CALVIN KLEIN name and mark initially in association with women's apparel, and then men's and children's apparel as well; that at some point Mr. Klein learned of the existence of a predecessor of CCC and of the CALVIN mark; and otherwise deny the allegations of paragraph 20.

21.     Plaintiffs admit that, to use CCC's words, Mr. Klein had an "incredibly successful career building his name into a mega brand"; aver that CCC's predecessors watched as Mr. Klein and his associates and companies, through their talent and hard work, built the CALVIN KLEIN name and brand into the "mega brand" that it is today; that CCC's predecessor largely voiced no objection to Mr. Klein's efforts to

associate that "mega brand" with a wide variety of women's, men's and children's apparel, which efforts at times included brand line extensions and promotional campaigns utilizing the shortened form CALVIN; that CCC's predecessors and CKI's predecessors periodically exchanged correspondence concerning CCC's predecessor's use of CALVIN, and CKI's predecessor's use of CALVIN KLEIN and CALVIN; that while CKI's predecessors built their "mega brand," CCC's predecessors limited their use of the CALVIN mark to the boys tailored clothing set forth in CCC's '999 Registration, and sporadically to men's suits; and otherwise deny the allegations of paragraph 21.

    22.    Plaintiffs admit that in January and February 1975, there was correspondence between one or more predecessors of CKI and CCC; admit that CFM CALVIN FOR MEN has been abandoned; and otherwise deny the allegations of paragraph 22.

    23.    Plaintiffs admit that in 1975, counsel for a predecessor of CKI stated that, at that time, "we have no complaint with regard to your clients' use of his trademark 'Calvin' in connection with menswear"; aver that the letter also stated "we object strenuously to his use of the phrase 'Calvin For Men . . .' in any form" and that further use of that phrase "will be the subject of immediate litigation"; aver that since 1975 CCC's predecessors abandoned the CALVIN mark for men's wear, and that commencing at least as early as 1976 CKI's predecessors commenced substantial use of CALVIN in connection with a broad array of apparel; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 and, therefore, deny same.

24.     Plaintiffs admit that CKI and/or its predecessors expanded their use of the CALVIN KLEIN trademark from women's apparel to men's suits and tailored clothing (as well as other apparel and non-apparel products) without objection from CCC's predecessors; aver that CCC's predecessors made at most sporadic use of CALVIN on men's suits or tailored clothing; that CCC's predecessors abandoned the CALVIN mark for men's clothing; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24, and therefore deny same.

25.     Plaintiffs admit in about 1980 and 1982, CKI's predecessor filed certain U.S. trademark applications to register its CALVIN KLEIN trademark for certain boys' and men's suits and tailored clothing, as identified therein; that a representative of that company made the statement under oath that is part of the file for these applications; that these applications registered in due course; that CKI's predecessor at that time, and CKI at this time, was and is entitled to lawfully use the trademarks that are the subject of these applications and registrations for the goods identified therein; that in July 1978, a predecessor of CCC wrote to a predecessor of CKI stating "[w]e, of course, recognize that your expansion into men's clothing might have been expected in view of your success with women's wear" and that "[i]t is not the purpose of this letter to discourage your doing so"; that none of CCC's predecessors ever opposed these applications nor petitioned to cancel these registrations, which are incontestible; and otherwise deny the allegations of paragraph 25.

26.     Plaintiffs admit that in or about 1982 CKI's predecessor licensed its CALVIN KLEIN trademark to Puritan Fashions for use in connection with boys'

wear; that CCC's predecessor had knowledge of same but did not object to such use; deny that the quote set forth in paragraph 26 is accurate; aver that CCC's predecessor's counsel sent a letter dated June 29, 1982 that consented to use of CALVIN KLEIN on boys' wear, requested that references to the CALVIN KLEIN products include the full name rather than just CALVIN; aver that for more than two decades since the 1982 letter, CKI's predecessor and CKI have used CALVIN KLEIN for boys clothing without objection from CCC or its predecessors; and otherwise deny the allegations of paragraph 26.

27.     Plaintiffs admit that in 1992, a CKI predecessor filed trademark application serial no.74327390 for, *inter alia*, boys' wearing apparel including suits and sport jackets; that a representative of that company made the statement under oath that is part of the file of that application; that the application became U.S. Registration No. 1,810,850; that CKI's predecessor at that time, and CKI at this time, was and is entitled to lawfully use the trademark that is the subject of this application and registration for the goods identified therein, which registration is now incontestable, and, as admitted by CCC, that "Calvin Clothing did not object"; and otherwise deny the allegations of paragraph 27.

28.     Plaintiffs admit the allegations of paragraph 28 and aver that CCC and its predecessors did not object, and by their silence consented, to such use and exploitation of the CALVIN KLEIN trademark.

29.     Plaintiffs admit that PVH acquired the stock of CKI in 2003, and otherwise deny the allegations of paragraph 29.

As to the Alleged "Prior Working
Working Relationship Between
Calvin Clothing and Calvin Klein"

30.     Plaintiffs admit that CCC's predecessors coexisted with CKI and

its predecessors for decades; deny that CKI or its predecessors ever agreed "that Calvin

Clothing owned the CALVIN mark" for all apparel; aver that presently pending before

the U.S. Patent and Trademark Office are issues relating to whether CCC is entitled to

maintain all of the aforementioned CCC applications and registrations other than the '999

Registration in view of CKI and its predecessor's rights in its CALVIN KLEIN and

CALVIN name and marks, and in view of CCC's predecessor's abandonment of the

trademark that is the subject of the '306 Registration; and otherwise deny the allegations

of paragraph 30.

31.     Plaintiffs admit that periodically over the course of the 1970s and

1980s CCC's predecessors and CKI and its predecessors exchanged correspondence

relating to CKI's or its predecessor's use of CALVIN KLEIN and at times CALVIN, and

relating to CCC's predecessors' use of CALVIN; aver that the correspondence speaks for

itself; and otherwise deny the allegations of paragraph 31.

32.     Plaintiffs admit that on at least one occasion, CKI or a predecessor

cooperated with a CCC predecessor to prevent the registration of a CALVIN mark for

condoms; and otherwise deny the allegations of paragraph 32.

33.     Plaintiffs deny the allegations of paragraph 33; aver that any

statement made by Mr. Klatsky was made as part of settlement discussions and would be

inadmissible at trial pursuant to Rule 408 of the Federal Rules of Evidence; and aver that

the actions of CCC since the acquisition thereof in about 1995 have altered the

circumstances that existed previously, wherein CCC's predecessors were content to use

CALVIN for boys' tailored clothing, and sporadically for certain men's tailored clothing, but never for other goods.

34.     Plaintiffs deny the allegations of paragraph 34.

35.     Plaintiffs admit that there were communications in August 2003 between CCC and Mr. Tom Murry, President of CI, concerning a press release announcing a CKI license to Happy Kids; deny the characterizations of those communications set forth in paragraph 35; aver that any such communications made by Mr. Murry and CKI were part of settlement discussions and would not be admissible at trail pursuant to Rule 408 of the Federal Rules of Evidence; and otherwise deny the allegations of paragraph 35.

36.     Plaintiffs admit that the quoted passage was published in the September 2004 issue of Children's Business, but otherwise deny the allegations of paragraph 36.

37.     Plaintiffs admit that CKI or one or more of its licensees has sold t-shirts with the decorative use of "Calvin" appearing thereon, aver upon information and belief that those items also carried neck tags and/or hang tags with the Calvin Klein or CK/Calvin Klein trademark, and otherwise deny the allegations of paragraph 37.

38.     Plaintiffs admit the first and third sentences, and deny the second sentence, of paragraph 38.

39.     Plaintiffs admit that CKI and the Trust instituted cancellation proceedings in the PTO to cancel the '306, '672, '181, '182 and '183 Registrations for the CALVIN terms that are the subject of those registrations because they are likely to cause confusion with various CALVIN KLEIN marks; that Plaintiffs also seek

cancellation of those registrations in this proceeding; and otherwise deny the allegations of paragraph 39.

      40.     Plaintiffs deny the allegations of paragraph 40.

      41.     Plaintiffs repeat and reallege the statements in paragraphs 1 through 40 above as though fully set forth herein.

      42.     Plaintiffs admit that an actual controversy exists between the parties, and otherwise deny paragraph 42.

      43.     Denied.

      44.     Denied.

      45.     Plaintiffs repeat and reallege the statements in paragraphs 1 through 40 above as though fully set forth herein.

      46.     Denied.

      47.     Denied.

      48.     Denied.

      49.     Denied.

      50.     Denied.

      51.     Plaintiffs repeat and reallege the statements in paragraphs 1 through 40 above as though fully set forth herein.

      52.     Denied.

      53.     Denied.

      54.     Plaintiffs repeat and reallege the statements in paragraphs 1 through 40 above as though fully set forth herein.

55.     Paragraph 55 of the counterclaims purports to be a statement of applicable law which requires no response, except Plaintiffs deny that CCC has any cognizable claim against CKI and PVH.

56.     Denied.

57.     Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The counterclaims fail to state a claim or cause of action upon which relief can be granted.

### Second Affirmative Defense

Defendant/Counterclaimant has no valid trademark rights in the term CALVIN for use in connection with anything other than certain items of boys' tailored apparel.

### Third Affirmative Defense

Defendant/Counterclaimant and/or its predecessors have abandoned any trademark rights it or any of them may have had in apparel, other than certain items of boys' tailored apparel, through nonuse.

### Fourth Affirmative Defense

Defendant/Counterclaimant and/or its predecessors have abandoned any trademark rights it or any of them may have had through their acts of omission, including the failure to enforce the alleged mark.

**Fifth Affirmative Defense**

Defendant/Counterclaimant has not been damaged by any act by Plaintiffs complained of in the counterclaims.

WHEREFORE, in addition to the relief prayed for in the Complaint filed July 29, 2005, enforceable against the Defendant/Counterclaimant herein, Plaintiffs demand judgment in their favor, as follows:

A.    dismissing each and every one of the counterclaims with prejudice;

B.    awarding Plaintiffs their damages, attorneys' fees, and costs incurred in connection with this action;

C.    granting Plaintiffs such other and further relief as this court may deem just and proper.

Dated:  October 17, 2005.

Edward E. Vassallo (EV6588)
Timothy J. Kelly (TK 8241)
Tila M. Duhaime (TD8787)
FITZPATRICK, CELLA, HARPER &
SCINTO
30 Rockefeller Plaza
New York, New York 10112-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
Attorneys for Plaintiffs

Certificate of Service

The undersigned attorney hereby certifies that on this the 11th day of October 2005, a true copy of the foregoing document entitled "Reply to Counterclaims" was caused to be served upon counsel for Defendants, Anthony F. LoCicero, at the offices of Amster, Rothstein & Ebenstein LLP, 90 Park Avenue, New York, NY 10016 via electronic filing pursuant to the local rules and First Class U.S. Mail, postage prepaid.

_____
Tila M. Duhaime

NY_Main 529115_1

- 14 -