```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
PHILLIPS-VAN HEUSEN CORP., CALVIN       :
KLEIN, INC., and CALVIN KLEIN           :
TRADEMARK TRUST,                        :      05 Civ. 6802 (JSR)
                                        :
            Plaintiffs,                 :      MEMORANDUM ORDER
                                        :
            -v-                         :
                                        :
CALVIN CLOTHING COMPANY, INC., and      :
STAR RIDE KIDS, INC.,                   :
                                        :
            Defendants.                 :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Plaintiffs Phillips-Van Heusen Corp. and its subsidiaries Calvin Klein, Inc. and Calvin Klein Trademark Trust (collectively, "Calvin Klein") are the owners of numerous incontestable registrations for the trademark "Calvin Klein." Plaintiffs' predecessors first used that mark on women's apparel in the late 1960s and have since expanded its use to include a wide variety of products. They bring this trademark action against defendants Calvin Clothing Company, Inc. and Star Ride Kids, Inc. (collectively, "Calvin Clothing"), owners of incontestable registrations for use of the trademark "Calvin." Defendants' predecessors first used the Calvin mark on boys' tailored clothing in the 1930s and expanded its use to mens' tailored clothing in or around the late 1960s. For several decades thereafter, the two companies co-existed in relative peace. Beginning in the late 1990s, however, Calvin Clothing's efforts to expand their use of the Calvin mark to new lines of apparel and to secure protection therefor from the U.S. Patent and

Trademark Office ("PTO"),[1] precipitated conflict between the two sides that eventually resulted in this litigation.

In this action, Calvin Klein seeks declaratory, injunctive, and monetary relief under the Lanham Act, 15 U.S.C. § 1114 et seq., state common law, and New York General Business Law §§ 349, 360-I. The gist of Calvin Klein's claims is that Calvin Clothing abandoned whatever rights it once had in the Calvin mark for use on men's apparel; that Calvin Klein has acquired common law rights in the Calvin mark for all goods other than boys' apparel; and that Calvin Clothing's use of the Calvin mark infringes Calvin Klein's use of the Calvin Klein and Calvin trademarks. Calvin Clothing, in turn, has counter-claimed, seeking a declaration that its use of the Calvin mark does not infringe Calvin Klein's rights and alleging that Calvin Klein's use of the Calvin mark violates Calvin Clothing's rights under the Lanham Act and state common law.

Following discovery, the parties cross-moved for partial summary judgment, but the Court, by summary order dated April 17, 2006, denied both sides' motions except for that portion of Calvin Clothing's motion seeking to preclude Calvin Klein from obtaining actual damages in the absence of establishing willful infringement.

---

[1] Four of Calvin Clothing's ten intent-to-use applications have been approved for registration by the PTO, but Calvin Klein has filed actions with the PTO to cancel those four registrations and force abandonment of the other six. Those proceedings have been stayed pending resolution of this action.

This Memorandum Order reconfirms those rulings and briefly states the reasons therefor.

As to Calvin Klein's claim of priority in the Calvin mark, Calvin Klein argues, in essence, that the public has come to associate the name Calvin with the Calvin Klein brand as a result of Calvin Klein's use of the Calvin mark on its products and advertisements and the media's use of the term "Calvin" to refer to Calvin Klein products. However, even though it is undisputed that Calvin Klein has at times used the name Calvin on its products and ads,[2] questions of fact remain as to the extent of that use and the nature of the secondary meaning, if any, thereby acquired (especially since at least some of those products also bore the full Calvin Klein mark).

Furthermore, Calvin Clothing, as the senior user of the Calvin mark, may have a protected interest in being able to enter a related field. See Scarves by Vera, Inc. v. Todo Imports Ltd., 544 F.2d 1167, 1172 (2d Cir. 1976). Material issues of disputed fact remain, however, as to whether the uses that Calvin Clothing now seeks to make of the Calvin mark pertain to a "related field" and whether, in any case, Calvin Clothing sat on its rights in this regard by failing to adequately object to Calvin Klein's use of the Calvin mark in these fields.

---

[2] The memorable – and controversial – ad campaign of the early 1980s in which Brooke Shields told the American public that "nothing" came between her and her Calvin's is likely the most famous example of such use.

As to the issue of abandonment, a trademark is deemed "abandoned" if "its use has been discontinued with intent not to resume such use." 15 U.S.C. § 1127. Nonuse for three consecutive years can be prima facie evidence of abandonment. Id. Calvin Klein argues that Calvin Clothing discontinued its use of the Calvin brand on men's apparel and, further, that Calvin Clothing committed fraud on the PTO when its principal James Alperin represented to the PTO that Calvin Clothing was using the mark on men's apparel in 1996.[3] The evidence adduced by the respective parties shows, however, that there is a genuinely disputed issue of fact as to whether the mark was in use when the registration was renewed, from which it follows that there is also a disputed issue of fact as to whether Mr. Alperin made a false statement on the renewal application. Further, even if plaintiffs do establish that Mr. Alperin made false statements on the renewal application, they must also provide clear and convincing evidence that he did so "with an intent to deceive," L.D. Kichler Co. v. Davoil, Inc., 192 F.3d 1349, 1352 (Fed. Cir. 1999), as to which, again, there are genuinely disputed issues of fact.

As to Calvin Klein's federal claims for trademark infringement and false designation of origin and its state law claims

---

[3] Some, although not all, of the defendants' evidence suggests that some of defendants' products during the period of alleged abandonment bore the mark "Calvin for Men," rather than the word Calvin alone. Whether such uses are relevant to the abandonment issue depends on whether the two marks, when applied to the relevant products, create the "same, continuing commercial impression." See, e.g., Ilco Corp. v. Ideal Security Hardware Corp., 527 F.2d 1221, 1224 (C.C.P.A. 1976). This question itself creates a triable issue of fact as to which summary judgment is inappropriate.

4

for unfair competition and dilution, triable issues of fact remain with regard to many, if not all, of the "Polaroid" factors, see Polaroid Corp. v. Polarad Elecs. Corp., 287 F.2d 492 (2d Cir. 1961), such as the similarity between the two marks and the degree of confusion posed by the two marks.

There is, however, one issue as to which partial summary judgment is appropriate. Specifically, in respect to Calvin Clothing's motion to preclude Calvin Klein from obtaining monetary relief, Calvin Klein has produced no evidence of actual damages. However, Calvin Klein may still be entitled to monetary damages if it can prove at trial that Calvin Clothing engaged in willful infringement. See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., 146 F.3d 66, 72 (2d Cir. 1998).

Accordingly, for the foregoing reasons, the Court reaffirms its Order of April 17, 2006 precluding Calvin Klein from obtaining monetary damages unless it proves willful infringement by Calvin Clothing and denying the parties' cross-motions for summary judgment in all other respects. The Clerk of Court is directed to close docket numbers 9, 14, and 19. The Court reconfirms that the trial of this matter will commence at 9 a.m. on May 11, 2006.

SO ORDERED.

                                                JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       May 2, 2006